ELI NATHANIEL WALL, EMPLOYEE, PLAINTIFF v. N.C. DEPARTMENT OF HUMAN RESOURCES: DIVISION OF YOUTH SERVICES, EMPLOYER, DEFENDANT

No. 8910IC865

(Filed 3 July 1990)

**Master and Servant § 77.1 (NCI3d) — workers' compensation — award for permanent partial disability — no change of circumstances — no newly discovered evidence**

The Industrial Commission properly denied plaintiff's motion to set aside an award for 20% permanent partial disability of the back where the Commission properly concluded that there had been no change of condition or newly discovered evidence, as plaintiff testified in substance that his condition was the same as it had been when the award was entered, and a neurologist's diagnosis that plaintiff was totally disabled amounted merely to a new opinion about an old condition. N.C.G.S. § 97-47.

**Am Jur 2d, Workmen's Compensation §§ 340, 590, 600.**

APPEAL by plaintiff from Opinion and Award filed 3 May 1989 by the North Carolina Industrial Commission. Heard in the Court of Appeals 5 March 1990.

Plaintiff, then an employee of defendant, suffered an accidental injury to his back on 1 June 1986 that was covered by our Workers' Compensation Act. His back had been injured twice before, and was operated on in 1970, 1983, and 1985; after his recovery from the 1985 injury and surgery he had intermittent pain in his low back and leg, but was able to resume work. Following the 1986 injury his back and leg pain was more constant and severe, because of which he had to stop working. On 16 March 1987, with the approval of the North Carolina Industrial Commission and based upon an evaluation by plaintiff's neurologist, Dr. Wesley A. Cook, Jr. of the Duke University Medical Center, the parties agreed that plaintiff had a 20% permanent partial disability of the back and defendant would compensate him therefor at the rate of $205.35 a week for sixty weeks. On 31 July 1987 plaintiff, after employing legal counsel, moved to set the award aside on the alternative grounds of change of condition, mutual mistake, and newly discovered evidence. The motion was denied by Deputy Commissioner Haigh upon findings that plaintiff's condition was substantially the same as it was when the prior award was entered, no mutual mistake was made, and no evidence material to the case had been newly discovered. The Deputy Commissioner's findings, conclusions, and award were adopted and affirmed by the Full Commission.

*Spears, Barnes, Baker, Wainio, Brown & Whaley, by Alexander H. Barnes and Mark A. Scruggs, for plaintiff appellant.*

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Elisha H. Bunting, Jr., for defendant appellee.*

PHILLIPS, Judge.

As the parties recognize: Since their agreement was in settlement of plaintiff's claim for permanent disability under the Workers' Compensation Act and was approved by the Industrial Commission, it was a final award or judgment of the Commission, *Beard v. Blumenthal Jewish Home*, 87 N.C. App. 58, 359 S.E.2d 261 (1987), *disc. review denied*, 321 N.C. 471, 364 S.E.2d 918 (1988), which can be modified only as the law authorizes. One ground for modifying or setting aside such awards is a change in the plaintiff's condition under the provisions stated in G.S. 97-47; another is that the award was entered due to mutual mistake, G.S. 97-17; and still another is that evidence material to the case has been newly

discovered. *Hogan v. Cone Mills Corp.*, 315 N.C. 127, 337 S.E.2d 477 (1985).

Mutual mistake has been eliminated from the case by plaintiff's failure to argue it in his brief, Rule 28(a), N.C. Rules of Appellate Procedure, and the only questions presented are whether the Commission's conclusions that no change of condition has been established and no newly discovered evidence presented are correct.

The Commission's conclusions are correct for two reasons in our opinion: First, the Commission's findings of fact that plaintiff's condition had not changed and that no newly discovered evidence had come into his possession since the prior award are supported by competent evidence, *Carroll v. Burlington Industries*, 81 N.C. App. 384, 344 S.E.2d 287 (1986), *aff'd*, 319 N.C. 395, 354 S.E.2d 237 (1987), and the findings support the Commission's conclusions of law to the same effect. Second, no evidence that would support a finding of either a change of condition or newly discovered evidence was presented.

To modify the prior award because of a change of condition under G.S. 97-47 plaintiff had to show an actual change of condition, "not a mere change of opinion with respect to a pre-existing condition." *Pratt v. Central Upholstery Co., Inc.*, 252 N.C. 716, 722, 115 S.E.2d 27, 33 (1960). And to obtain a new trial on the ground of newly discovered evidence he had to show that when the award was entered evidence material to the case existed that he did not learn about, through due diligence, until later. *Grupen v. Thomasville Furniture Industries*, 28 N.C. App. 119, 220 S.E.2d 201 (1975), *disc. review denied*, 289 N.C. 297, 222 S.E.2d 696 (1976).

Neither of the required showings was made. Plaintiff testified in substance that his condition was the same then as it was when the award was entered, and the other evidence he relies upon neither shows any new condition nor that plaintiff was unaware of some material evidence when the first award was entered. What the evidence shows without contradiction is that: For several months before the award was entered plaintiff was unable to work and his medical care at the Duke University Medical Center included psychiatric treatment for back and leg pain, depression, headaches and hypertension. Six months after the award Dr. Ara Tourian, a neurologist at Duke University Medical Center, who specializes in human pain and the damage it causes to a patient's nervous system, diagnosed plaintiff as being totally disabled. The diagnosis

was based upon plaintiff's complaints and medical records and the results of some psychological tests that indicated his responses to the leg and back pain included elevated scales of hypochondriasis, depression, hysteria, psychasthenia, and schizophrenia. There was no testimony or other evidence that any of the conditions that Dr. Tourian found and upon which the diagnosis is based—pain, depression, etc.—had developed since, or were worse than they were before, the award was entered. Since plaintiff's condition had not changed we are obliged to regard Dr. Tourian's diagnosis as merely a new opinion about an old condition, *Pratt v. Central Upholstery Co., supra,* and thus no basis for modifying the prior award. And since the diagnosis was not made until several months after the award, it does not qualify as newly discovered evidence under the rule stated above for obvious reasons.

If the opinion had been obtained before the award for permanent partial disability of the back under G.S. 97-31(23) was entered, it might have, though not necessarily, led to an award for total incapacity under G.S. 97-29; but under the provisions of G.S. 97-47 and many decisions of our Courts the opinion came too late and the award cannot be disturbed, as the Commission ruled.

Affirmed.

Chief Judge HEDRICK and Judge DUNCAN concur.