504 S.E.2d 815 (1998)
Robert C. FELMET, Employee-Claimant,
v.
DUKE POWER COMPANY, INC., Employer-Defendant, Self-Insured.
No. COA97-1393.
Court of Appeals of North Carolina.
October 6, 1998.
Seth M. Bernanke, Charlotte, for claimant-appellant Robert C. Felmet.
Morris York Williams Surles & Brearley by Jennifer Brearley, Charlotte, for defendant-appellee Duke Power Company, Inc.
WYNN, Judge.
Robert Felmet filed three separate workers' compensation claims relating to accidents which occurred while under Duke Power's employ. The claims were scheduled to be heard before Deputy Commissioner Berger when the parties reached an Agreement for Compromise and Settlement and Release ("compromise settlement"). The parties executed the compromise settlement on 3 February 1997, and forwarded it to Deputy Commissioner Berger for approval.
Deputy Commissioner Berger ordered the approval of the Compromise Settlement Agreement on 10 February 1997, and transmitted his order to Duke Power's counsel via facsimile the next day. On 10 March 1997, twenty-seven days after Duke Power's receipt of Deputy Berger's Order, claimant's counsel received payment satisfying the Order's terms.
*816 Following receipt of the settlement amount, claimant moved to compel payment of a 10% penalty, contending Duke Power's payment was untimely under the time of payment provision of N.C.Gen.Stat. § 97-18 (1997). Specifically, claimant contended he was entitled to receive a 10% penalty payment because: (1) the compromise settlement was unappealable, and therefore given the fifteen day appeal provision of N.C.Gen. Stat. § 97-85 (1997) did not apply, payment was due within twenty-four days; and in the alternative, (2) the compromise settlement constituted a notice of waiver of right to appeal, and therefore initiated the provision of N.C.Gen.Stat. § 97-18(e) (1997) requiring payment within ten days of said notice. On 9 April 1997, Deputy Commissioner Berger denied claimant's motion. Thereafter, the Full Commission, by Order of Commissioner Vance, affirmed Deputy Commissioner Berger's Order. On appeal, claimant assigns as error the Full Commission's denial of his Motion to Compel.

I.
Chapter 97 of the General Statutes of North Carolina articulates this State's comprehensive workers' compensation scheme under the short title of the Workers' Compensation Act. See generally N.C.Gen.Stat. § 97 (1997). In developing the Workers' Compensation Act, the legislature included numerous sections relating to the timing of workers' compensation payments. See e.g., N.C.Gen.Stat. §§ 97-18, 24, 85 (1997). These sections, by ensuring that a plaintiff receives timely recovery, further one of the Act's primary objects"to grant certain and speedy relief to injured employees...." See Cabe v. Parker-Graham-Sexton, Inc., 202 N.C. 176, 186, 162 S.E. 223, 229 (1932). That is, by requiring employers and insurers to pay benefits within a stated time limit, these sections "provid[e] swift and sure compensation to injured workers without the necessity of protracted litigation." See Rorie v. Holly Farms Poultry Co., 306 N.C. 706, 709, 295 S.E.2d 458, 460 (1982).
At issue in the case sub judice are N.C.Gen.Stat. §§ 97-17, 97-18, 97-85 which apply to the timing of appeals and payments. Under N.C.Gen.Stat. § 97-85 (1997), a party must appeal a workers' compensation award to the Full Commission within fifteen days from the date when notice of the award was given. N.C.Gen.Stat. § 97-18(e) (1997) provides that the first installment of compensation "shall become due 10 days from the day following expiration of the time of appeal from the award ... or the day after notice waiving the right of appeal has been received by the Commission." Lastly, N.C.Gen.Stat. § 97-18(g) (1997) imposes a 10% penalty upon any party that fails to pay benefits within fourteen days after they become due.
Under the preceding payment schedule, employers can avoid being subject to the 10% penalty by tendering settlement payments within thirty-nine days after notice of the award is provided, with liability attaching on the fortieth day. That is, to calculate the date upon which the 10% penalty applies, a person must first consider the fifteen day appeal time provided under N.C.Gen.Stat. § 97-85, then add ten days as provided under N.C.Gen.Stat. § 97-18(e), and finally add fourteen days as provided under N.C.Gen. Stat. § 97-18(g).
Although the payment schedule set forth in sections 97-18 and 97-85 appears to provide an unambiguous schedule regarding payments, there is some question regarding the application of this schedule to compromise settlements. Specifically, two questions must be answered: (1) whether a compromise settlement constitutes an unappealable order, thereby bypassing the fifteen day "stay" set forth in N.C.Gen.Stat. § 97-85, and accordingly making employers liable for the 10% penalty after twenty-four days, as opposed to thirty-nine days; and (2) whether the signing or approval of a compromise settlement constitutes a waiver of the right to appeal and thereby activates the requirement in N.C.Gen.Stat. § 97-18(e) that the first payment "shall become due" within ten days of said waiver.

A.
Under N.C.Gen.Stat. § 97-17 (1997), an employee may settle a workers' compensation claim with his employer so long as the amount of compensation and the time and manner of payment are in accordance with the Workers' Compensation Act. *817 For these settlements to be binding, however, a memorandum of the agreement must be filed with and approved by the Commission. N.C.Gen.Stat. § 97-17 (1997); Glenn v. McDonald's, 109 N.C.App. 45, 47, 425 S.E.2d 727, 729 (1993). In approving a compromise settlement, the Commission is acting in a judicial capacity, and therefore, once the Commission approves a compromise settlement, it becomes an award enforceable by court decree. Pruitt v. Knight Publishing Co., 289 N.C. 254, 221 S.E.2d 355 (1976).
Claimant, in arguing that compromise settlements are not appealable, cites our decisions in Glenn v. McDonald's, 109 N.C.App. 45, 47, 425 S.E.2d 727, 729 (1993) and Brookover v. Borden, Inc., 100 N.C.App. 754, 756, 398 S.E.2d 604, 606 (1990), disc. rev. denied, 328 N.C. 270, 400 S.E.2d 450 (1991). In Glenn, this Court stated "where there is no finding that the [settlement] agreement itself was obtained by fraud, misrepresentation, mutual mistake or undue influence, the Full Commission may not set aside the agreement, once approved." Glenn, 109 N.C.App. at 49, 425 S.E.2d at 730 (emphasis added). This statement, however, only demonstrates that the Full Commission cannot set aside a compromise settlement except under limited circumstances. This statement in no way implies that a compromise settlement cannot be appealed to this Court.
As for claimant's reliance on Brookover, we note this Court did state that an approved compromise settlement is "as binding on the parties as an order, decision or award of the Commission unappealed from, or an award of the Commission affirmed upon appeal." Brookover, 100 N.C.App. at 756, 398 S.E.2d at 606 (1990). Although this statement ostensibly holds that approved compromise settlements are unappealable, this Court has never followed such an approach. Indeed, both this Court and the Supreme Court of North Carolina have consistently heard and decided appeals involving compromise settlements. See e.g., Vernon v. Steven L. Mabe Builders, 336 N.C. 425, 444 S.E.2d 191 (1994); Caudill v. Chatham Manufacturing Co., 258 N.C. 99, 128 S.E.2d 128, 133 (1962); Wall v. N.C. Dept. of Human Resources: Division of Youth Services, 99 N.C.App. 330, 393 S.E.2d 109 (1990), disc. rev. denied, 328 N.C. 98, 402 S.E.2d 430 (1991). In the case sub judice, we can only assume that Duke Power, when entering into this compromise settlement, relied upon our prior decisions allowing compromise settlement appeals. Duke Power was in no position to rectify the apparent conflict between our words and actions with respect to compromise settlement appeals. Therefore, fundamental fairness requires us to hold Duke Power rightfully assumed that it was entitled to appeal its compromise settlement, and accordingly be entitled to tender payment within thirty-nine days of the compromise settlement's approval.
In sum, we hold that to calculate the date a compromise settlement award becomes due under the Workers' Compensation Act, a party must: (1) allow the fifteen day appeal time set forth in N.C.Gen.Stat. § 97-85; (2) then add ten days pursuant to N.C.Gen.Stat. § 97-18(e); and (3) finally, add fourteen days as required under N.C.Gen.Stat. § 97-18(g). Thus, a paying party liable under a compromise settlement has thirty-nine days from the date the compromise settlement is approved to tender payment, with liability for non-payment attaching on the fortieth day.
In the case sub judice, Duke Power complied with the Commission's order twenty-seven days after the settlement was executed. Because Duke Power had thirty-nine days to tender payment, it is not subject to the 10% penalty in N.C.Gen.Stat. § 97-18(g).

B.
Claimant also contends on appeal that Duke Power is subject to the 10% penalty in N.C.Gen.Stat. § 97-18(g) because Duke Power waived its right to appeal by submitting the compromise settlement to the Industrial Commission for approval. According to claimant, Duke Power, by waiving its right to appeal, is subject to the 10% penalty in N.C.Gen.Stat. § 97-18(g) because § 97-18(e) provides that an award becomes due ten days after notice "waiving the right to appeal...." We disagree.
As stated previously, this Court has heard appeals concerning compromise settlements numerous times in the past. See e.g., Vernon v. Steven L. Mabe Builders, 336 N.C. 425, 444 S.E.2d 191 (1994); Caudill v. Chatham Manufacturing Co., 258 N.C. 99, 128 S.E.2d *818 128, 133 (1962); Wall v. N.C. Dept. of Human Resources: Division of Youth Services, 99 N.C.App. 330, 393 S.E.2d 109 (1990), disc. rev. denied, 328 N.C. 98, 402 S.E.2d 430 (1991). Indeed, the fact these cases were heard at the appellate level demonstrates that mere execution of a compromise settlement does not waive a party's right to appeal.
Additionally, we cannot accept appellant's argument because it would lead to absurd results. Specifically, N.C.Gen.Stat. § 97-18(e) provides that an award "shall become due 10 days from ... the day after notice waiving the right of appeal by all parties has been received by the Commission." (emphasis added). Therefore, if this court considers a compromise settlement as a waiver of the right to appeal, then an award becomes due ten days after the Commission receives the compromise settlement. Accordingly, if the Commission takes 9 days to approve the compromise settlement, then the employer only has two days before the award becomes due. Indeed, in the case sub judice, the Commission approved the compromise settlement seven days after receiving it. Therefore, under the appellant's theory, the award was due only four days after the Commission's approval. Surely the legislature did not intend such a result.
In conclusion, both case law and statutory construction guide us to conclude that a compromise settlement does not constitute a waiver of the right to appeal. Accordingly, because the compromise settlement did not amount to a waiver of the right to appeal, N.C.Gen.Stat. § 97-18(e) was not automatically triggered. Therefore, with respect to this argument only, Duke Power was entitled to take the full thirty-nine days to comply with the Commission's order.
Affirmed.
McGEE and SMITH, JJ., concur.
This opinion was authored and delivered to the Clerk of the North Carolina Court of Appeals by Judge WYNN prior to 1 October 1998.