SAMUEL J. MORRIS, EMPLOYEE, PLAINTIFF v. L.G. DEWITT TRUCKING, INC.,
EMPLOYER; SELF-INSURED, (CAROLINA RISK MANAGERS, INC.), DEFENDANT

No. COA00-127

(Filed 1 May 2001)

**Workers' Compensation— settlement agreement—timeliness
of payment**

The Industrial Commission did not err in a workers' compen-
sation case by concluding that plaintiff employee was not entitled
to a ten percent penalty under N.C.G.S. § 97-18(g) based on
defendant employer's alleged failure to provide timely payment
within thirty-nine days from receipt of the order approving the
parties' settlement agreement as required by N.C.G.S. § 97-17
because: (1) the thirty-ninth day fell on a Sunday and defendant
tendered payment the next day on Monday; and (2) when the last
day of a period falls on a Saturday, Sunday, or legal holiday for
purposes of computing time periods prescribed by the Workers'
Compensation Act, the period runs until the end of the next day
which is not a Saturday, Sunday, or a legal holiday.

Appeal by plaintiff from opinion and award filed 20 September
1999 by the North Carolina Industrial Commission. Heard in the Court
of Appeals 20 February 2001.

*Poisson, Poisson, Bower & Clodfelter, by Fred D. Poisson, Jr.,
for plaintiff-appellant.*

*Teague, Campbell, Dennis & Gorham, L.L.P., by Bruce A.
Hamilton and Tracey L. Jones, for defendant-appellee.*

GREENE, Judge.

Samuel J. Morris (Plaintiff) appeals an opinion and award of the
Full Commission of the North Carolina Industrial Commission (the
Commission) filed 20 September 1999 in favor of L.G. Dewitt
Trucking, Inc., Self-Insured (Defendant).

MORRIS v. L.G. DEWITT TRUCKING, INC.

[143 N.C. App. 339 (2001)]

The undisputed facts show that Plaintiff suffered a compensable injury on 4 March 1993. On 16 December 1997, Plaintiff and Defendant entered into an "AGREEMENT ON FINAL SETTLEMENT AND RELEASE" (the Agreement). The Agreement, which provided Plaintiff would receive a lump sum settlement payment of $375,000.00 from Defendant, was approved by the Executive Secretary of the Commission on 30 December 1997. The Agreement contained the following pertinent language: "This [A]greement is made expressly subject to the approval of the North Carolina Industrial Commission by its award duly issued and the same shall be binding upon all parties when approved by said Commission." Defendant received the order approving the Agreement on 31 December 1997. On Monday, 9 February 1998, 40 days subsequent to Defendant's receipt of the order, Plaintiff's counsel received payment in the amount of $375,000.00 from Defendant.

In a petition dated 9 February 1998, Plaintiff requested the Commission order Defendant to pay a 10% late penalty, pursuant to N.C. Gen. Stat. § 97-18(g), based on Defendant's alleged late payment of funds due under the Agreement. In an opinion and award filed 20 September 1999, the Commission made the following pertinent findings of fact:

> 3. On December 30, 1997, the Industrial Commission entered an Order approving the . . . Agreement. Defendant received this Order on December 31, 1997.
>
> . . . .
>
> 5. Counsel for [P]laintiff received [payment pursuant to the Agreement] on Monday, February 9, 1998.
>
> 6. The thirty-ninth day following [D]efendant's receipt of the Order [approving the Agreement] fell on February 8, 1998 (a Sunday).

Based on these findings of fact, the Commission made the following pertinent conclusions of law:

> 3. Defendant had thirty-nine days from receipt of the Order [approving the Agreement] to tender payment to . . . [P]laintiff. . . . Since the thirty-ninth day in this case fell on a Sunday, [D]efendant had until Monday, February 9, 1998 to tender the settlement funds to . . . [P]laintiff. Rule 609(8) of the Rules of the Industrial Commission.

4. Because [D]efendant made timely payment of compensation within fourteen (14) days after it became due, [P]laintiff is not entitled to a ten percent (10%) penalty pursuant to N.C. Gen. Stat. § 97-18(g).

The Commission, therefore, denied Plaintiff's petition for an order requiring Defendant to pay a 10% penalty pursuant to section 97-18(g).

———————————

The dispositive issue is the number of days within which a defendant must pay a compromise settlement entered into with a plaintiff pursuant to N.C. Gen. Stat. § 97-17 before the defendant may be assessed a penalty pursuant to N.C. Gen. Stat. § 97-18(g).

N.C. Gen. Stat. § 97-17 provides that parties to a workers' compensation action may enter into a settlement agreement, and any such agreement must be "filed by [the] employer with and approved by the Industrial Commission." N.C.G.S. § 97-17 (1999). Rule 502 of the Workers' Compensation Rules provides that if a settlement is reached in a case which is "currently calendared for hearing before a Commissioner or Deputy Commissioner," then the settlement agreement "shall be sent [for approval] directly to that Commissioner or Deputy Commissioner at the Industrial Commission." Workers' Comp. R. N.C. Indus. Comm'n 502(4), 2001 Ann. R. N.C. 754-55. If, however, a settlement is reached in a case "[b]efore a case is calendared, or once a case has been continued, or removed, or after the filing of an Opinion and Award, all compromise settlement agreements shall be directed to the Executive Secretary of the Industrial Commission." *Id.* Thus, depending on whether a case has been calendared at the time a settlement agreement is sent to the Industrial Commission for approval, approval of the settlement agreement may be considered by the Executive Secretary or by a deputy commissioner or commissioner before which a hearing has been calendared.

N.C. Gen. Stat. § 97-18(g) provides: "If any installment of compensation is not paid within 14 days after it becomes due, there shall be added to such unpaid installment an amount equal to ten per centum (10%) thereof . . . ." N.C.G.S. § 97-18(g) (1999). In *Felmet v. Duke Power Co.*, 131 N.C. App. 87, 91, 504 S.E.2d 815, 817 (1998), *disc. review denied*, 350 N.C. 94, 527 S.E.2d 666 (1999), this Court set forth the following formula for determining when payment under a compromise settlement entered into pursuant to section 97-17 "becomes due" for the purposes of section 97-18(g): "(1) allow the fifteen day

MORRIS v. L.G. DEWITT TRUCKING, INC.

[143 N.C. App. 339 (2001)]

appeal time set forth in N.C. Gen. Stat. § 97-85 [or Rule 703(1)[1]]; (2) then add ten days pursuant to N.C. Gen. Stat. § 97-18(e); and (3) finally, add fourteen days as required under N.C. Gen. Stat. § 97-18(g)." Pursuant to this formula, the *Felmet* Court held a defendant who is party to a compromise settlement has thirty-nine days from the date notice of the order approving the compromise settlement is given to the defendant to make any payment due pursuant to the compromise settlement without incurring a penalty under section 97-18(g).[2] *Id.*

In this case, the Commission found as fact that Defendant received the order from the Executive Secretary of the Industrial Commission approving the Agreement on 31 December 1997. Defendant, therefore, had thirty-nine days from 31 December 1997 to make the payment required by the Agreement without being assessed a 10% penalty under section 97-18(g). As 8 February 1998, the thirty-ninth day following 31 December 1997, fell on a Sunday, Defendant

---

1. The fifteen day time limit for appealing an award under section 97-85 or for appealing an order made in "summary manner" under Rule 703(1) begins to run from the date notice of the award or order is given. N.C.G.S. § 97-85 (1999); Workers' Comp. R. N.C. Indus. Comm'n 703(1), 2001 Ann. R. N.C. 765.

Although section 97-17 provides that "no party to any agreement for compensation approved by the Industrial Commission shall thereafter be heard to deny the truth of the matters therein set forth," N.C.G.S. § 97-17, we do not read section 97-17 as denying a party to a settlement agreement the right to appeal from an order entered by the Industrial Commission approving that settlement agreement. In *Felmet*, this Court held a party does not, by entering into a settlement agreement pursuant to section 97-17, waive his right to appeal from an order approving that settlement agreement. *Felmet*, 131 N.C. App. at 92, 504 S.E.2d at 818. Moreover, the Workers' Compensation Rules specifically provide that a party to a settlement agreement approved by the Executive Secretary has the right to appeal from the order approving the settlement agreement. Workers' Comp. R. N.C. Indus. Comm'n 703(1), 2001 Ann. R. N.C. 764-65.

Plaintiff argues in his brief to this Court that the Agreement "contained language that it was binding on the parties upon approval by the North Carolina Industrial Commission," therefore, the Agreement constituted a waiver of the right to appeal from the order approving the Agreement. We disagree. While the parties to a settlement agreement may waive their right to appeal the order approving that agreement, *see* N.C.G.S. § 97-18(e) (1999), the language of the settlement agreement must specifically state the parties are waiving the right to appeal in order to constitute a waiver. Thus, general language that the terms of the settlement agreement are binding on the parties upon approval of the settlement agreement does not constitute a waiver of the right to appeal from the order approving the settlement agreement.

2. Plaintiff argues in his brief to this Court that "[t]he *Felmet* decision . . . should be reconsidered and overruled." This Court, however, is bound by a prior decision of another panel of this Court addressing the same question but in another case. *In the Matter of Appeal from Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989). Accordingly, we are bound by this Court's holding in *Felmet*.

had until 9 February 1998 to pay Plaintiff without incurring a penalty. *See* Workers' Comp. R. N.C. Indus. Comm'n 609(8), 2001 Ann. R. N.C. 759-60 (when last day of period falls on a Saturday, Sunday, or legal holiday for purposes of computing time period prescribed by Workers' Compensation Act, the "period runs until the end of the next day which is not a Saturday, Sunday or a legal holiday"). Defendant's payment under the Agreement, which was received on 9 February 1998, was, therefore, timely for the purposes of section 97-18(g). Accordingly, the Commission properly denied Plaintiff's petition for an order requiring Defendant to pay a 10% penalty under section 97-18(g).

Affirmed.

Judges McCULLOUGH and HUDSON concur.