LARRY CARROLL, Employee, Plaintiff v. LIVING CENTERS SOUTHEAST, INC., Employer, and RSKCO, Carrier, Defendants

No. COA02-647

(Filed 1 April 2003)

**Workers' Compensation— compromise settlement agreement—late payment penalty**

Plaintiff employee was entitled to a ten percent late payment penalty under N.C.G.S. § 97-18(g) where plaintiff received payment of the amount owed him pursuant to a workers' compensation compromise settlement agreement thirty-six days after the agreement was approved by the Industrial Commission, because: (1) amended N.C.G.S. § 97-17, effective 15 June 2001, expressly removed the right to review or collateral attack, thus eliminating the right to appeal within fifteen days and thereby shortening the time for payment from thirty-nine days to twenty-four days; and (2) payment of a compromise settlement award must be made within twenty-four days to avoid imposition of a late payment penalty unless a party is able to show to the satisfaction of the Commission that there has been error due to fraud, misrepresentation, undue influence, or mutual mistake.

Appeal by plaintiff from Order entered 19 March 2002 by the North Carolina Industrial Commission. Heard in the Court of Appeals 8 January 2003.

*Scudder & Hedrick, by Samuel A. Scudder, for plaintiff-appellant.*

*Teague, Campbell, Dennis & Gorham, by Melissa R. Garrell, for defendant-appellees.*

LEVINSON, Judge.

Larry Carroll (plaintiff) appeals from an order of the Full Commission upholding the denial of plaintiff's motion for a ten percent (10%) late payment penalty to be added to the amount owed him under a compromise settlement agreement.

The relevant facts are as follows: Plaintiff suffered a workplace injury on 23 October 1996. His employer accepted the claim as compensable, and filed a Form 60 with the Industrial Commission. On 10 September 2001, a compromise settlement agreement was approved. The agreement provided that defendants would pay plaintiff $90,264.34, and pay $22,500.00 to plaintiff's attorney. On 24 September 2001, plaintiff's counsel received the attorney's fees. On 10 October 2001, plaintiff filed a motion for a late payment penalty on the $90,264.34, which had not been received. Plaintiff received a payment of $90,000.00 on 16 October 2001, leaving only $264.34 unpaid. On 7 November 2001, Deputy Commissioner Rowell issued an Order denying plaintiff's motion for a late payment penalty. Plaintiff appealed to the Full Commission, which issued its Opinion on 19 March 2002. The Full Commission affirmed the denial of plaintiff's motion, holding as follows:

. . . .

Having found that plaintiff received the settlement funds thirty-six (36) days following Industrial Commission approval of his compromise settlement agreement and that the June 15, 2001, *amendments to N.C.G.S. § 97-17 do not remove the right of either party to appeal within fifteen (15) days of approval pursuant to N.C.G.S. § 97-85* for the reasons enumerated in N.C.G.S. § 97-17 which include fraud, misrepresentation, undue influence or mutual mistake, the Full Commission AFFIRMS the Order of the Deputy Commissioner denying plaintiff's motion for a ten percent (10%) late payment penalty.

(emphasis added). From this Order plaintiff appeals. We reverse the Commission's holding that the right of automatic appeal from an

order approving a compromise settlement agreement survives the 2001 amendments to N.C.G.S. § 97-17 (2001).

The sole issue presented is the number of days within which payment must be tendered pursuant to a compromise settlement agreement for it to be deemed timely and avoid being subject to a late payment penalty. Several statutes are relevant to our determination of this issue. N.C.G.S. § 97-18(g) (2001) provides that a ten percent (10%) late payment penalty "shall be added" to any payment not made within fourteen (14) days after it becomes due. Under N.C.G.S. § 97-18(e) (2001), the first installment of compensation "shall become due 10 days from the day following expiration of the time for appeal from the award[.]" N.C.G.S. § 97-85 (2001) provides that appeal of a workers' compensation award must be made to the Full Commission within fifteen (15) days of the date that notice of the award was given. Finally, N.C.G.S. § 97-17 (2001) provides in part:

> This article does not prevent settlements made by and between the employee and employer so long as the amount of compensation and the time and manner of payment are in accordance with the provisions of this Article. . . . No party to any agreement for compensation approved by the Commission shall deny the truth of the matters contained in the settlement agreement, unless the party is able to show to the satisfaction of the Commission that there has been error due to fraud, misrepresentation, undue influence or mutual mistake, in which event the Commission may set aside the agreement. *Except as provided in this subsection, the decision of the Commission to approve a settlement agreement is final and is not subject to review or collateral attack.*

G.S. § 97-17(a) (emphasis added). In 1998, this Court interpreted the above referenced statutes as providing thirty-nine (39) days for payment of a compromise settlement award, applying the following formula: "to calculate the date upon which the 10% penalty applies, . . . consider the fifteen day appeal time provided under N.C.G.S. § 97-85, then add ten days as provided under N.C.G.S. § 97-18(e), and finally add fourteen (14) days as provided under N.C.G.S. § 97-18(g)." *Felmet v. Duke Power Co.*, 131 N.C. App. 87, 90, 504 S.E.2d 815, 816 (1998), *disc. review denied*, 350 N.C. 94, 527 S.E.2d 666 (1999). This Court's inclusion of a fifteen day time period for appeal was based on its reasoning that, although G.S. § 97-17 allows the Industrial Commission to set aside a compromise settlement agreement only upon a finding of, *e.g.*, fraud, mutual mistake, etc., the statute "in no way implies that a

compromise settlement cannot be appealed to this Court." *Felmet,* 131 N.C. App. at 91, 504 S.E.2d at 817.

Following our decision in *Felmet,* the N.C. General Assembly amended G.S. § 97-17, effective 15 June 2001, and thus applicable to the case *sub judice.*[1] The present statute includes the following sentence, which was not a part of the statute as interpreted by the *Felmet* court: "Except as provided in this subsection, the decision of the Commission to approve a settlement agreement is final and is not subject to review or collateral attack." Plaintiff argues that by removing the right to "review or collateral attack" the statute eliminates the right to appeal within fifteen (15) days, thereby shortening the time for payment from 39 to 24 days. We agree.

"First, 'it is a well established principle of statutory construction that a section of a statute dealing with a specific situation controls, with respect to that situation, other sections which are general in their application.' " *Westminster Homes, Inc. v. Town of Cary Zoning Bd. of Adjust.,* 354 N.C. 298, 304, 554 S.E.2d 634, 638 (2001) (quoting *State ex rel. Utilities Comm. v. Electric Membership Corp.,* 275 N.C. 250, 260, 166 S.E.2d 663, 670 (1969)) (where statutes cannot be reconciled, the statutory provision "dealing with a specific situation" governs, rather than more general statutory sections). *See also Bowling v. Combs,* 60 N.C. App. 234, 298 S.E.2d 754, *cert. denied,* 307 N.C. 696, 301 S.E.2d 389 (1983). While G.S. § 97-85 addresses the general right of parties to appeal from an opinion of a deputy commissioner to the Full Commission, G.S. § 97-17 governs the specific rights of parties to a compromise settlement agreement and, thus, controls the present situation. N.C.G.S. § 97-17(a), as amended in 2001, expressly removes any right of automatic appeal from an approved compromise settlement agreement.

Notwithstanding the statutory language stating that an approved settlement agreement "is final and is not subject to review or collateral attack," the Full Commission held that the fifteen (15) day period for appeal was still applicable, because the Commission retains the right to set aside an agreement procured through, *e.g.,* undue influence or fraud. However, the Commission's authority to set aside an agreement under the limited circumstances enumerated in the statute does not derive from a party's right to appeal. Rather, it is a part of the Commission's inherent judicial authority:

---

1. The Act "applies to all cases pending on or after the effective date except those cases in which a health benefit plan has intervened before the Industrial Commission prior to the effective date. . . ." S.L. 2001-487, section 102(b).

[T]he Commission has the power to set aside a judgment when there is 'mistake, inadvertence, surprise, or excusable neglect[,]' or . . . 'on the grounds of mutual mistake, misrepresentation, or fraud.' The power of the Commission 'to set aside former judgments is analogous to that conferred upon the courts by N.C.R. Civ. P. 60(b)(6)' and the remedy the Commission may provide is 'related to that traditionally available at common law and equity and codified by Rule 60(b).' This power includes the ability to set aside judgments even when a party has not made a motion to do so.

*Jenkins v. Piedmont Aviation Servs.*, 147 N.C. App. 419, 424, 557 S.E.2d 104, 108 (2001) (citing *Hogan v. Cone Mills Corp.*, 315 N.C. 127, 137, 337 S.E.2d 477, 483 (1985), and *Moore v. City of Raleigh*, 135 N.C. App. 332, 520 S.E.2d 133 (1999), *cert. denied*, 351 N.C. 358, 543 S.E.2d 131 (2000)), *disc. review denied*, 356 N.C. 303, 570 S.E.2d 724 (2002). Thus, N.C.G.S. § 1A-1 Rule 60(b) (2001) "confers upon the Commission the ability to set aside a judgment" *Jenkins*, 147 N.C. App. at 424, 557 S.E.2d at 108, procured through fraud, misrepresentation, undue influence or mutual mistake. Rule 60(b) does not require that a motion be made within a particular time period such as fifteen (15) days, but only "within a reasonable time," and "not more than one year after the judgment, order, or proceeding was entered or taken."

"When confronting an issue involving statutory interpretation, this Court's 'primary task is to determine legislative intent while giving the language of the statute its natural and ordinary meaning unless the context requires otherwise.' " *Spruill v. Lake Phelps Vol. Fire Dep't, Inc.*, 351 N.C. 318, 320, 523 S.E.2d 672, 674 (2000) (quoting *Turlington v. McLeod*, 323 N.C. 591, 594, 374 S.E.2d 394, 397 (1988)). The reasoning of *Felmet*, 131 N.C. App. at 91, 504 S.E.2d at 817, was predicated upon the existence of a right to direct appeal from an order approving a compromise settlement agreement (although "the Full Commission cannot set aside a compromise settlement except under limited circumstances[, t]his statement in no way implies that a compromise settlement cannot be appealed to this Court"). The subsequent amendment to G.S. § 97-17(a) erected such a bar to that right of appeal. We conclude, therefore, that the fifteen (15) day period for appeal is no longer properly part of the calculation of when a compromise settlement payment is timely. To the extent that this was the holding of *Felmet*, it is superceded by the statutory change. We hold that payment of a compromise settlement award must be

made within 24 days to avoid imposition of a late payment penalty unless a "party is able to show to the satisfaction of the Commission that there has been error due to fraud, misrepresentation, undue influence or mutual mistake." G.S. § 97-17(a).

For the reasons discussed above, the decision of the Commission, that payment of a compromise settlement agreement is timely if made within 39 days, is reversed. The Commission's decision not to impose a penalty on the present defendants is reversed and this case is remanded for the Industrial Commission to impose the statutory penalty.

Reversed and remanded.

Judges TIMMONS-GOODSON and TYSON concur.