***********
The undersigned reviewed the prior Opinion and Award, based upon the record of the proceedings before Deputy Commissioner Dollar. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; and having reviewed the competent evidence of record, the Full Commission affirms the Opinion and Award of Deputy Commissioner Dollar with minor modifications.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The Industrial Commission has jurisdiction over the subject matter of this case, the parties are properly before the Commission, and the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act at all relevant times.
2. Defendant was a duly qualified self-insured, with Brentwood Services as its servicing agent.
3. The employee-employer relationship existed between the parties at all relevant times.
4. Plaintiff sustained an admittedly compensable injury on August 22, 2000, as a result of which defendant filed an I.C. Form 60. Defendant paid temporary total disability benefits to plaintiff from August 24, 2000 through December 13, 2002.
5. Plaintiff's average weekly wage was $629.27, which yields a compensation rate of $419.53 per week.
6. The parties stipulated the following documentary evidence:
a. Exhibit 1 — Indemnity Payout Ledger, five pages,
b. Exhibit 2 — TPA's letter of January 14, 2003, and
c. Exhibit 3 — Plaintiff's Motion, Defendant's Response and the September 16, 2003 Order, denying the Motion.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. The parties entered into a Compromise Settlement Agreement which was approved by Order filed on December 13, 2002. The Order was faxed on December 13, 2002 to plaintiff's and defendant's counsel from the Executive Secretary's Office. No evidence was presented that defendant received the fax on that date.
2. Plaintiff's counsel contacted defendant in early January of 2003 to inquire as to when to expect issuance of the settlement check.
3. Defendant ceased paying plaintiff's temporary total disability benefits as of December 24, 2002.
4. Plaintiff's counsel faxed a copy of the Order to defense counsel, who then faxed a copy of the Order approving the Compromise Settlement Agreement on or about January 6, 2003 to the servicing agent.
5. By letter dated January 14, 2003, Sandra Harris, Senior Claims Representative for the servicing agent, wrote to plaintiff's counsel to advise that enclosed were two checks representing the final settlement. An I.C. Form 28B was also enclosed.
6. Defendant issued the check within twenty-four days from receipt of the Order.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. Defendant had twenty-four days from receipt of the Order approving the Compromise Settlement Agreement to tender payment to plaintiff, and such payment was made within twenty-four days.Carroll v. Living Centers Southeast, Inc., 157 N.C. App. 116,577 S.E.2d 927 (2003), rev. denied, 357 N.C. 249, 582 S.E.2d 29
(2003).
2. As defendant timely paid the Award, plaintiff is not entitled to a ten percent penalty. N.C. Gen. Stat. § 97-18(g).
 ***********
Based upon the foregoing findings of fact and conclusions of law, the undersigned enters the following:
 AWARD
1. Plaintiff's Motion for assessment of a ten percent penalty is, and under the law must be, DENIED.
2. Each side shall pay its own costs.
This the ___ day of August, 2004.
 S/____________ BUCK LATTIMORE CHAIRMAN
CONCURRING:
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
 S/_____________ PAMELA T. YOUNG COMMISSIONER