* * * * * * * * * * *
Upon review of the record, including the Stipulations of the parties, their briefs before the Full Commission and the error assigned by the plaintiff and finding no good grounds to receive further evidence, or to rehear the parties or their representatives; the Full Commission affirms with modifications the Order of the Deputy Commissioner.
 * * * * * * * * * * *
A Compromise Settlement Agreement in this matter was approved by Commissioner Christopher Scott on May 24, 2004. The Order Approving Compromise Settlement Agreement was presumably mailed to the parties on May 24, 2004. Neither party stipulated the date they received the Order Approving Compromise Settlement Agreement from the Industrial Commission. Plaintiff filed a Motion for Late Penalty on June 23, 2004, which was denied by the Executive Secretary. Plaintiff appealed the decision and Deputy Commissioner Glenn scheduled a hearing. Prior to the hearing, the parties submitted a Pre-trial Agreement which included the following stipulations:
 1. That all parties are subject to the jurisdiction of the Industrial Commission and are properly before the Industrial Commission with respect to the claim which arose on July 28, 1999.
 2. That the date of the alleged injury which is the subject of this claim is July 28, 1999.
 3. That this matter was the subject of a hearing before Deputy Commissioner Lorrie Dollar on June 25, 2003. That the parties resolved this matter by Compromise Settlement Agreement which was approved by the Industrial Commission on May 24, 2004.
 4. That on the 24th day following approval of the clincher, that being May 24, 2004, the Defendants
mailed the settlement checks to Plaintiff's counsel.
 5. That Plaintiff received settlement checks on June 21, 2004
 6. That on June 23, 2004, Plaintiff filed a Motion for Late Payment Penalty.
 7. That Executive Secretary Tracey H. Weaver denied Plaintiff's Motion on October 14, 2004.
 8. That on October 18, 2004, Plaintiff filed a Motion to Reconsider The Executive Secretary's October 14, 2004 Order.
 9. That on October 26, 2004, Defendants filed a response to Plaintiff's Motion to Reconsider.
The sole issue before the Full Commission is whether defendant's payment of settlement proceeds pursuant to the Order Approving Compromise Settlement Agreement was untimely and therefore subject to a 10% penalty. N.C. Gen. Stat. § 97-17(a) provides that the decision of the Commission to approve a settlement agreement is final and not subject to review or collateral attack, except where the party is able to show there has been error due to fraud, mutual mistake, misrepresentation or undue influence. This statute does not address when the time for payment of the settlement award begins.
Under the facts of this case, defendant was obligated to make payment pursuant to the Order Approving Compromise Settlement Agreement within 24 days to avoid imposition of a late payment penalty. Carroll v. LivingCenters Southeast Inc., 157 N.C. App. 116 (2003); N.C. Gen. Stat. § 97-17.Carroll does not address, however, whether the time for payment begins upon the date of issuance or date of service of the Order Approving Compromise Settlement Agreement or upon receipt by Defendants of the Order Approving Compromise Settlement Agreement. The parties did not stipulate to the date of receipt of the Order Approving Compromise Settlement Agreement. In Morris v. L.G. Dewitt Trucking, Inc.,143 N.C. App. 339 (2001) and Felmet v. Duke Power Co., 131 N.C. App. 87
(1998); the court ruled that the time begins to run from the date notice of the award is given. Industrial Commission Rule 609(8) provides, "Whenever a party has the right to do some act or take some proceedings within a prescribed period after service of any document, three days shall be added to the prescribed period."
Based upon N.C. Gen Stat. § 97-18(e) and Morris the settlement award became due 10 days after receipt of the Order Approving Compromise Settlement Agreement, since no appeal was proper. The settlement award was required to be paid within 14 days after it became due under N.C. Gen. Stat. § 97-18(g). To interpret the statute otherwise would start the time limit for payment as a result of an "award" by settlement to begin to run at a different time from the starting point of the time limit for an award by "judgment." Using the date of presumed receipt of the settlement award under the "mail rule" as the point when the 10 day period begins to run, absent proof of actual receipt, the Commission must calculate the applicable time period by adding 3 days to the date of mailing the Order Approving Compromise Settlement Agreement to the parties. Therefore, the award became due and payable on the 27th day after mailing of the Order by the Commission. Since the 27th day was a Sunday, defendants time period expired on the next business day, which was the 28th day after mailing the Order based on the holding in Morris and IC Rule 608. The Full Commission has not adopted filing documents by facsimile as a standard procedure. Orders are mailed or faxed.
In this case, the parties agree that Defendant issued settlement proceeds within 24 days after approval of the Compromise Settlement Agreement. Defendants argue that the award was timely paid under any analysis on when the time period began to run. Defendants argue that the award was paid when the check was placed in the mail. Blacks Legal Dictionary defines "pay", the present tense of "paid" in the following manner: "to discharge a debt by tender of payment due. "Tender" is defined by Black's as "an offer of money." The legal definition of "tender" does not reference or include actual receipt of money. Further, Black's Law Dictionary defines "offer" in the following manner: "To bring to, to present for acceptance." Therefore, Defendants argue that the act of issuing a check and delivering the check into the U.S. Postal Service satisfies the legal definition of "offer" and "tender" and therefore satisfies the legal definition of "pay." Defendant deposited the settlement proceeds within the U.S. Postal Service, on the 24th day after the approval of the Compromise Settlement Agreement.
The undisputed facts are that Defendants tendered payment of settlement proceeds on June 17, 2004 which was the 24th day after issuance of the Industrial Commission's Order Approving Compromise Settlement Agreement. Plaintiff received the compensation payment on June 21, 2004, the 28th
day after issuance of the Order Approving Compromise Settlement Agreement. Since there is no proof in the record of when Defendants received the Order Approving Compromise Settlement Agreement, the mail rule applies adding 3 days for presumed receipt after service of the Order on Defendants by mailing. Therefore, the time for payment expired on Sunday, June 20, 2004, and Defendants had until Monday, June 21, 2004 to make payment. Plaintiff received the payment on June 21, 2004 which was timely payment under either scenario.
 ORDER
Based upon a review of the stipulated facts, consideration of oral arguments offered by each party, and having taken judicial notice of prior Orders of the Commission, it is HEREBY ORDERED that Plaintiff's Motion for a 10% Penalty is DENIED.
IT IS FURTHER ORDERED that the Pre-Trial Agreement shall be added to the record as a stipulated document. Also, the Order Approving Compromise Settlement Agreement by Commissioner Christopher Scott and prior Orders issued by the Commission are made a part of the record in this case.
This the __ day of November, 2005.
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
 S/_________________ LAURA K. MAVRETIC COMMISSIONER
 S/_________________ DIANNE C. SELLERS COMMISSIONER