I believe that the majority has erred in finding that plaintiff is not entitled to a 10% penalty against defendants under N.C. Gen. Stat. § 97-18(g) for defendants' failure to make timely payment in accordance with the parties' Compromise Settlement Agreement.
At issue in this case is the application of N.C. Gen. Stat. §97-18(g), which provides that a plaintiff shall be entitled to a penalty of 10% on any payment not "paid" within fourteen days of becoming due, unless such a penalty is excused by the Commission. The majority has concluded that the defendants' payment to plaintiff in the present case was "paid" when defendant mailed the payment, regardless of when plaintiff actually received it. I believe instead that the payment to plaintiff in the present case was not "paid" under N.C. Gen. Stat. § 97-18(g) until the payment was actually received by plaintiff, which did not happen until after the expiration of the deadline set forth under N.C. Gen. Stat. § 97-18(g).
 * * * * * * * * * * *
Under N.C. Gen. Stat. §§ 98-17 and 97-18(e) and Carroll v. LivingCenters Southeast, 157 N.C. App. 116, 577 S.E.2d 925 (2003), the payment owed to a plaintiff in accordance with a settlement agreement becomes due ten days after the defendant's receipt of notice of approval of the agreement by the Commission. Accordingly, a payment is subject to the 10% penalty provided by N.C. Gen. Stat. § 17-18(g) unless the payment is paid within twenty-four days after the defendant's receipt of the notice of approval.
In the present case, both parties have stipulated that they received notice of the Commission's approval of their Compromise Settlement Agreement on the same day that it was filed, to wit: May 5, 2004. The twenty-fourth day after May 5, 2004, was May 29, 2004. Because May 29, 2004, was a Saturday, defendants were entitled under Workers' Comp. Rule 609(8) and Morris v. L.G. Dewitt Trucking, 143 N.C. App. 339,545 S.E.2d 474 (2001), to an extension of that deadline "until the end of the next day which is not a Saturday, Sunday or a legal holiday." Because May 31, 2004, was Memorial Day, the deadline provided under N.C. Gen. Stat. § 97-18(g) in the present case was June 1, 2004.
The parties have stipulated that defendants placed the payments owed to plaintiff in the mail on June 1, 2004. The parties have further stipulated that the payments were not actually received by plaintiff's counsel until June 2, 2004, and June 3, 2004.
 * * * * * * * * * * *
The majority suggests that the Court of Appeals has provided no guidance concerning when a payment has been "paid" under N.C. Gen. Stat. § 97-18(g). However, while the Court may have never spoken directly to the issue, its cases appear to demonstrate a consistent treatment of payments under N.C. Gen. Stat. § 97-18(g), and I believe that treatment should guide the Commission in the present case.
In Carroll, the Court of Appeals held that the 2001 amendment to N.C. Gen. Stat. § 97-17 had shortened the period of time for payment in accordance with a settlement agreement before a penalty under N.C. Gen. Stat. § 97-18(g) could be imposed to the current twenty-four days, superceding the thirty-nine day period the court had earlier recognized in Felmet v. Duke Power Co., 131 N.C. App. 87, 504 S.E.2d 815 (1998),disc. review denied, 350 N.C. 94, 527 S.E.2d 666 (1999). Of note in regard to the present case, the court in Carroll described the dates that payments were "paid" under N.C. Gen. Stat. § 97-18(g) solely in terms of when they were received by the plaintiff:
 On 10 September 2001, a compromise settlement agreement was approved. The agreement provided that defendants would pay plaintiff $90,264.34, and pay $22,500.00 to plaintiff's attorney. On 24 September 2001, plaintiff's counsel received the attorney's fees. On 10 October 2001, plaintiff filed a motion for a late payment penalty on the $90,264.34, which had not been received. Plaintiff received a payment of $90,000.00 on 16 October 2001, leaving only $264.34 unpaid.
Carroll, 157 N.C. at ___, 577 S.E.2d at ___ (emphasis added). See also,Felmet at 88, 504 S.E.2d at ___ ("On 10 March 1997, twenty-seven days after Duke Power's receipt of Deputy Berger's Order, claimant's counselreceived payment satisfying the Order's terms.") (emphasis added).Cf. Sanders v. Brad Farrah Pontiac GMC Nissan, No. COA05-77 (N.C.App. Nov. 15, 2005) (unpublished) (quoting the finding of fact of the Full Commission that the defendant "issued" the check within twenty-four days from receipt of the order).
The analysis by the Court of Appeals in Morris provides even stronger support for the conclusion that a payment in accordance with a settlement agreement is not "paid" under N.C. Gen. Stat. § 97-18(g) until it has been received by the plaintiff. In Morris,
 Defendant received the order approving the Agreement on 31 December 1997. On Monday, 9 February 1998, 40 days subsequent to Defendant's receipt of the order, Plaintiff's counsel received payment in the amount of $375,000.00 from Defendant
Morris, 143 N.C. App. at 339, 545 S.E.2d at ___ (emphasis added). The court concluded that, because the thirty-ninth day following the defendant's receipt of notice of approval of the settlement agreement was a Sunday, the period of time before a penalty was due under N.C. Gen. Stat. § 97-18(g) should be extended an additional day under Workers' Comp. Rule 609(8), and accordingly that the payment in the instant case had been "paid" in a timely manner under N.C. Gen. Stat. § 97-18(g):
 Defendant . . . had thirty-nine days from 31 December 1997 to make the payment required by the Agreement without being assessed a 10% penalty under section 97-18(g). As 8 February 1998, the thirty-ninth day following 31 December 1997, fell on a Sunday, Defendant had until 9 February 1998 to pay Plaintiff without incurring a penalty. . . . Defendant's payment under the Agreement, which was received on 9 February 1998, was, therefore, timely for the purposes of section 97-18(g).
Id. at ___, 545 S.E.2d at ___ (emphasis added). Had the Court of Appeals agreed with the majority in the present case that the defendant's payment was "paid" when it was initially mailed, the court inMorris would surely have disposed of that case simply by noting that the defendant had shipped the payment to the plaintiff overnight by UPS on February 6, 1998, see I.C. No. 326758, a date clearly within the relevant thirty-nine-day time period. The court's decision to focus instead on the date that payment was received demonstrates that the Court of Appeals believed, as I do, that a payment has not been "paid" under N.C. Gen. Stat. § 97-18(g) until it has been actuallyreceived by the plaintiff.
 * * * * * * * * * * *
In lieu of relying on the above-described guidance from the Court of Appeals, the majority falls back on the policy of "certainty," and suggests that the date a payment is mailed is more "certain" than the date it is received. However, while both plaintiffs and defendants undoubtedly benefit from certainty regarding whether statutory law has been complied with, I do not believe that a date of receipt is any less certain than a date of mailing. The very mail or delivery service that certifies the date that a payment has been "mailed" by a defendant can likewise certify when it has been "delivered" to the plaintiff, rendering moot any suggestion of fraud or self-interest on behalf of the plaintiff receiving payment.
To the extent that the majority raises a concern that reliance on delivery erodes a defendant's "twenty-four days" to make payment under N.C. Gen. Stat. § 97-18(g), since a defendant must mail the payment before the full twenty-four days has elapsed in order to ensure receipt within the deadline, I respectfully point out that, under N.C. Gen. Stat. § 97-18(e), a defendant is actually allowed only ten days before a payment under a compromise settlement agreement becomes due. The subsequent fourteen days allowed under N.C. Gen. Stat. § 97-18(g) are merely the grace period before a penalty is owed. Because any payment mailed by a defendant on or about its due date under N.C. Gen. Stat. § 97-18(e) should be received by a plaintiff within fourteen days, regardless of the method of delivery, I do not believe a defendant is disadvantaged in any way by the requirement that the payment be received before the expiration of the deadline under N.C. Gen. Stat. § 97-18(g).
To the extent that the majority suggests that a defendant might be penalized under N.C. Gen. Stat. § 97-18(g) through no fault of its own, but instead because of undue delay by the carrier once a payment has been mailed, I respectfully point out that N.C. Gen. Stat. § 97-18(g) provides for that very eventuality, by expressly waiving penalty where the payment was delayed due to "conditions over which [the defendant] had no control."
Finally, the majority suggests that, because N.C. Gen. Stat. §97-18(h) requires a defendant to file a Form 28C within sixteen days after "final payment of compensation has been made," the defendant can only calculate that deadline accurately if it knows the date that payment has been made, to wit, the date it mailed the payment. However, even supposing that a payment "made" under N.C. Gen. Stat. § 97-18(h) should be interpreted the same way as a payment "paid" under N.C. Gen. Stat. §§ 97-18(e) and (g), nothing under the statute prevents a defendant from determining with certainty the date that the payment has been received by the plaintiff through inquiry to the delivery agent itself. Furthermore, to the extent that a defendant chooses not to inquire as to the precise date of receipt, but instead relies solely on the date of mailing, that defendant can be assured that it will not inadvertently exceed the deadline provided under N.C. Gen. Stat. § 97-18(h), since a payment will never be received before it was mailed.
While I agree with the majority that all parties benefit from certainty regarding their statutory duties and obligations, I do not believe that the date of mailing of a payment is any more certain than the date of its receipt. Because I further believe that the statute provides plenty of flexibility for defendants to avoid incurring a penalty under N.C. Gen. Stat. § 97-18(g) even when the determinative date of payment is its receipt by the plaintiff, I respectfully disagree with the majority's policy-based interpretation of the statute.
 * * * * * * * * * * *
Because plaintiff did not receive payment under the parties' Compromise Settlement Agreement until more than twenty-four days after defendants received notice of the Commission's approval of the agreement, I believe that the majority has erred in finding that plaintiff is not entitled to a 10% penalty against defendants under N.C. Gen. Stat. § 97-18(g). For the reasons set forth above, I respectfully dissent.
This ___ day of April, 2006.
S/
 THOMAS J. BOLCH
 COMMISSIONER