TOMMY HIGGINS, Employee, Plaintiff v. MICHAEL POWELL BUILDERS, Employer, and KEY BENEFIT SERVICES, Carrier, Defendants

No. COA98-812

(Filed 6 April 1999)

## 1. Workers' Compensation— period for contesting compensability—material information reasonably discoverable—award final

The Industrial Commission did not err in a workers' compensation action in its determination that defendants were not entitled to contest the compensability of plaintiff's claim after the expiration of the statutory period provided by N.C.G.S. § 97-18(d) where defendant employer had actual notice of plaintiff's injury on the date it occurred, the statutory period for contesting the claim expired with no application for an extension having been made, and neither defendant-employer nor the carrier gave notice that the compensability of plaintiff's claim was being contested. There is competent evidence in the record to support the finding that plaintiff's employment status was at all times reasonably discoverable by both the employer and the carrier and the award has become final as provided by N.C.G.S. § 97-82(b).

## 2. Workers' Compensation— employment status—newly discovered evidence

A workers' compensation carrier was not entitled to relief from an award of compensation based on newly discovered evidence concerning plaintiff's employment status where competent evidence supports the Commission's findings that plaintiff's employment status was reasonably available at all times and that the carrier did not exercise due diligence in its investigation of the matter during the statutory period.

### 3. Workers' Compensation— compensability—employment status—excusable neglect by carrier

The Industrial Commission did not err by refusing to grant a carrier relief from an award based upon excusable neglect where plaintiff's status as a subcontractor should have prompted a reasonable investigation by the carrier. The failure of the carrier to investigate plaintiff's status fell short of the diligence reasonably expected of a party paying proper attention to his case.

### 4. Workers' Compensation— compensability—not contested—mutual mistake, misrepresentation or fraud

The Industrial Commission correctly refused to set aside a workers' compensation award on the grounds of mutual mistake, misrepresentation or fraud concerning plaintiff's status as an employee or subcontractor where the award derived from defendant carrier's unilateral initiation of payment of compensation and subsequent failure to contest the claim under N.C.G.S. § 97-18(d). The basis of the award was not an agreement and the doctrines of mutual mistake, misrepresentation, and fraud do not operate to afford the carrier relief. Moreover, even if these doctrines were applicable, competent evidence supports the Commission's findings and conclusions.

Appeal by defendant Key Benefit Services from opinion and award entered 9 April 1998 by the North Carolina Industrial Commission. Heard in the Court of Appeals 24 February 1999.

*Michaels Jones Martin Parris & Tessener, PLLC, by James S. Walker, for plaintiff-appellee.*

*Orbock Bowden Ruark & Dillard, PC, by Barbara E. Ruark, for defendant-appellant Key Benefit Services.*

MARTIN, Judge.

Defendant Key Benefit Services (Key Benefit), the servicing agent for the North Carolina Mutual Employer Self-Insured Workers' Compensation Fund, appeals from an opinion and award of the Full Commission awarding plaintiff continuing total disability benefits for an injury sustained by plaintiff on 16 September 1996, when plaintiff fell out of a window while working for defendant Michael W. Powell Builders, Inc. (Powell Builders). Powell Builders was self-insured for

workers' compensation purposes through the North Carolina Mutual Employer Self-Insured Workers' Compensation Fund.

Powell Builders prepared an I.C. Form 19, Employer's Report of Injury to Employee and forwarded it to Key Benefits. The Form 19 indicated in some places that plaintiff had been employed for 2 and one-half years as a carpenter; in another place the form indicated plaintiff's occupation was "framer-subcontractor." After receiving the report of plaintiff's injury from Powell Builders, Key Benefit initiated compensation payments pursuant to the provisions of G.S. § 97-18(d), without prejudice and without accepting liability, and filed an I.C Form 63, Notice to Employee of Payment of Compensation Without Prejudice, providing copies to plaintiff and to Powell Builders. The Form 63 indicated that plaintiff was an employee of Powell Builders.

Key Benefits continued to pay compensation to plaintiff until sometime in January when it received information from Powell Builders' attorney that, in his opinion, plaintiff was not an employee of Powell Builders but was, instead, a subcontractor. Key Benefits immediately discontinued payments, and plaintiff filed his claim and requested that it be assigned for hearing. On 24 February 1997, Key Benefit filed an I.C. Form 61, denying plaintiff's claim on the ground plaintiff was not an employee of Powell Builders.

The deputy commissioner awarded plaintiff benefits, determining that defendants' failure to contest the claim within the period for payment without prejudice provided by G.S. § 97-18(d) constituted an award of the Industrial Commission pursuant to G.S. § 97-82(b), that plaintiff's employment status was known or reasonably should have been known prior to the expiration of the statutory period had the servicing agent made any investigation thereof, that there was no excusable neglect on defendants' part, and that the reward was not subject to being set aside as a mutual mistake.

Defendants appealed to the Full Commission, which adopted, with minor modifications, the deputy commissioner's findings and conclusions and affirmed the award.

By the arguments brought forward in support of its assignments of error, Key Benefit contends the Commission erred when: (1) it determined that plaintiff's employment status could have been reasonably discovered before the expiration of the statutory period for contesting the claim; (2) it refused to grant relief from the binding

effect of the Form 63 on the grounds that plaintiff's employment status was newly discovered evidence; (3) it refused to grant such relief on the grounds of excusable neglect; and (4) it refused to set aside the award on the grounds of misrepresentation or mutual mistake. For the following reasons, we affirm the Commission's opinion and award.

I.

"The standard of appellate review of an opinion and award of the Industrial Commission is limited to whether there was any competent evidence before the Commission to support its findings of fact and whether the findings of fact justify the Commission's legal conclusions and decision." *Harris v. North American Products*, 125 N.C. App. 349, 352, 481 S.E.2d 321, 323 (1997); *Pittman v. Thomas & Howard*, 122 N.C. App. 124, 129, 468 S.E.2d 283, 285-86, *disc. review denied*, 343 N.C. 513, 472 S.E.2d 18 (1996) (citations omitted). "The Commission's findings 'will not be disturbed on appeal if supported by any competent evidence even if there is evidence in the record which would support a contrary finding.' " *Harris* at 352, 481 S.E.2d at 323 (quoting *Peoples v. Cone Mills Corp.*, 316 N.C. 426, 432, 342 S.E.2d 798, 803 (1986)). The Commission, and not this Court, is "the sole judge of the credibility of witnesses" and the weight given to their testimony. *Pittman* at 129, 468 S.E.2d at 286 (quoting *Russell v. Lowes Product Distribution*, 108 N.C. App. 762, 765, 425 S.E.2d 454, 457 (1993)).

II.

[1] First, Key Benefit argues the Commission erred in its determination that defendants are not entitled to contest the compensability of plaintiff's claim after the expiration of the statutory period provided by G.S. § 97-18(d). Key Benefit takes issue with the Commission's findings and conclusion that plaintiff's employment status was known to Powell Builders, and could have been reasonably discovered by Key Benefit had it conducted a diligent investigation, within the time period for contesting the claim.

Under the statutory scheme provided by G.S. § 97-18(d), in those cases in which an employer or insurer is uncertain about the compensability of a claim, the employer or insurer may commence payment of compensation without admitting liability and without prejudice to its rights to contest the claim. The employer or insurer is required to file the prescribed form, I.C. Form 63, stating that the pay-

ments are made without prejudice, and that such payments continue until the claim is either accepted or contested or until 90 days from the date upon which the employer first obtains written or actual notice of the injury. If, during the 90 day period, which may be extended by the Commission for an additional 30 days upon application, the employer or insurer contests compensability, it may cease payment upon giving the proper notice specifying the grounds upon which liability is contested. However, if the employer or insurer does not contest compensability of the claim or its liability therefor within the statutory period, it waives its right to do so and the entitlement to compensation becomes an award of the Commission pursuant to G.S. § 97-82(b). In such event, after the expiration of the 90 day period, the employer or insurer may cease payments and contest compensability only upon showing that material evidence became available after the expiration of the statutory period which could not have reasonably been discovered earlier. N.C. Gen. Stat. § 97-18(d) (1997).

Here, defendant employer, Powell Builders, had actual notice of plaintiff's injury on the date it occurred; the statutory period for contesting the claim expired 16 December 1996, no application for an extension having been made, and neither Powell Builders nor Key Benefit gave notice that the compensability of plaintiff's claim was being contested. Key Benefit argues, however, that it is still entitled to contest the compensability of plaintiff's claim because material information concerning plaintiff's employment status was not discovered, and was not reasonably discoverable, until after the expiration of the statutory period.

We hold there is competent evidence in the record to support the Commission's finding that plaintiff's employment status was "at all times reasonably discoverable" by both the employer and the carrier. The testimony of Powell Builders' owner, Michael Powell, showed that Powell Builders became aware of plaintiff's injury on the day it occurred and filed I.C. Form 19, the employer's report of the injury. Line 28 of the injury report listed plaintiff as a "framer-subcontractor." Mr. Powell testified that he spoke with Key Benefit's claims director, Jeff Millett, and that Powell Builders' other employees were available to provide information concerning plaintiff's injury and employment status. Mr. Millett never inquired about plaintiff's status as a "framer-subcontractor," even though he discussed plaintiff's medical bills with Powell Builders' office manager. Mr. Millett also testified, admitting that he did not inquire whether plaintiff was an employee or whether plaintiff was paid via an independent

contractor Form 1099. When asked whether the information was reasonably available, Mr. Millett replied "I don't know if it was reasonably available because I didn't ask, so how would I know."

Noting that "defendant-employer had actual knowledge of the plaintiff's employment status equal to that of the plaintiff," the Commission correctly concluded that Key Benefit could have discovered plaintiff's employment status "had it made a reasonable investigation of the claim." Having failed to reasonably investigate the claim, Key Benefit cannot now assert that the information was not reasonably available. Pursuant to the provisions of G.S. § 97-18(d), defendants have waived their right to contest the compensability of plaintiff's injuries, and the award of compensation has become final as provided by G.S. § 97-82(b).

## III.

Key Benefit next argues that it is entitled to relief from the award of compensation made final by G.S. § 97-82(b). Analogizing the award to a judgment in a civil case, Key Benefit asserts three grounds for affording it relief: (1) newly discovered evidence, (2) excusable neglect, and (3) mutual mistake or misrepresentation.

## A.

[2] First, Key Benefit argues the evidence with respect to plaintiff's employment status was "newly discovered evidence." The standard for providing relief on the grounds of newly discovered evidence, as applied in the context of the Workers' Compensation Act, requires that the evidence be *new*, i.e., available only after the initial hearing, *Andrews v. Fulcher Tire Sales and Service*, 120 N.C. App. 602, 463 S.E.2d 425 (1995), and that the party seeking relief "show that when the award was entered evidence material to the case existed that he did not learn about, through due diligence, until later." *Wall v. N.C. Dept. of Human Resources: Div. of Youth Services*, 99 N.C. App. 330, 332, 393 S.E.2d 109, 110 (1990), *disc. review denied*, 328 N.C. 98, 402 S.E.2d 430 (1991).

As discussed above, competent evidence of record supports the Commission's findings that plaintiff's employment status was "reasonably available at all times" and that Key Benefit did not exercise due diligence in its investigation of the matter during the statutory period. Key Benefit is not entitled to relief on the grounds of newly discovered evidence.

B.

**[3]** Next, Key Benefit suggests the award should be set aside on the grounds of excusable neglect, as permitted by G.S. § 1A-1, Rule 60(b). Whether a litigant's actions constitute excusable neglect is a question of law, reviewed on appeal based upon the facts as found below. *Thomas M. McInnis & Associates, Inc. v. Hall*, 318 N.C. 421, 425, 349 S.E.2d 552, 554-55 (1986). "To set aside a judgment on the grounds of excusable neglect under Rule 60(b), the moving party must show that the judgment rendered against him was due to his excusable neglect and that he has a meritorious defense." *Id.* at 424, 349 S.E.2d at 554.

> While there is no clear dividing line as to what falls within the confines of excusable neglect as grounds for the setting aside of a judgment, what constitutes excusable neglect depends upon what, under all the surrounding circumstances, may be reasonably expected of a party in paying proper attention to his case. Excusable neglect must have occurred at or before entry of judgment and must be the cause of the default judgment being entered.

*Id.* at 425, 349 S.E.2d at 554-55 (citations omitted). Based upon the Commission's findings of fact, plaintiff's status as a "framer-subcontractor" in the employer's report of injury should have prompted a reasonable investigation by Key Benefit; its failure to investigate plaintiff's status fell short of the diligence "reasonably expected of a party in paying proper attention to his case." The Commission did not err in refusing to grant Key Benefit relief based upon excusable neglect.

C.

**[4]** Finally, defendant contends that the Industrial Commission should have set aside the award on the grounds of mutual mistake, misrepresentation, or fraud. The Industrial Commission "possesses such judicial power as is necessary to administer the Worker's Compensation Act" and has the "power to set aside a former judgment on the grounds of mutual mistake, misrepresentation, or fraud." *Hogan v. Cone Mills Corp.*, 315 N.C. 127, 138, 337 S.E.2d 477, 483 (1985). Because the doctrines of mutual mistake, misrepresentation, and fraud generally apply to *agreements* between parties, these doctrines will not provide grounds to set aside an award not based upon such an agreement. *McAninch v. Buncombe County Schools*, 347

N.C. 126, 132, 489 S.E.2d 375, 379 (1997) ("Thus, where there is no finding that the agreement itself was obtained by fraud, misrepresentation, mutual mistake, or undue influence, the Full Commission may not set aside the agreement, once approved."); *Brookover v. Borden, Inc.*, 100 N.C. App. 754, 755-56, 398 S.E.2d 604, 606 (1990), *disc. review denied*, 328 N.C. 270, 400 S.E.2d 450 (1991); *Neal v. Clary*, 259 N.C. 163, 130 S.E.2d 39 (1963). G.S. § 97-17 expressly provides that:

> [N]o party to any *agreement* for compensation approved by the Industrial Commission shall thereafter be heard to deny the truth of the matters therein set forth, unless it shall be made to appear to the satisfaction of the Commission that there has been error due to fraud, misrepresentation, undue influence or mutual mistake, in which event the Industrial Commission may set aside such *agreement.*

N.C. Gen. Stat. § 97-17 (1997) (emphasis added); *see also* N.C. Gen. Stat. § 97-87 (1997) (Filing agreements approved by Commission or awards; judgment in accordance therewith; discharge or restoration of lien). Limitation of these doctrines to agreements, in this context, reenforces the doctrinal basis of these doctrines, i.e., that when there has been a mutual mistake, misrepresentation, or fraud, no enforceable agreement exists because a meaningful 'meeting of the minds' is lacking. *Creech v. Melnik*, 347 N.C. 520, 527, 495 S.E.2d 907, 911-12 (1998) ("It is essential to the formation of any contract that there be 'mutual assent of both parties to the terms of the agreement so as to establish a meeting of the minds.' "). Agreements formed under these circumstances lack the requisite mutuality to become legally binding.

Here, the basis of the award is not an agreement, hence, there was no need for a "meeting of the minds." The Commission's award does not adopt an agreement between the parties; rather, the award derives from defendant's unilateral initiation of payment of compensation and subsequent failure to contest the claim under G.S. § 97-18(d). Therefore, the doctrines of mutual mistake, misrepresentation, and fraud do not operate to afford Key Benefit relief from the award.

Even if these doctrines were applicable, competent evidence supports the Commission's findings and its conclusion that defendant's mistake was

> a unilateral decision of defendant's servicing agent, who knew or should have known of plaintiff's actual employment status prior

to the entry of the same award. Plaintiff did not say or do anything to induce defendant to enter the disputed award; rather, plaintiff was merely the beneficiary of defendant's unilateral action.

Under these circumstances, the Commission correctly refused to set aside the award on the grounds of mutual mistake, misrepresentation or fraud.

Affirmed.

Judges TIMMONS-GOODSON and HUNTER concur.