Teague Campbell Dennis Gorham, LLP, Attorneys, Raleigh, North Carolina; J. Matthew Little, appearing for Defendants Minuteman Powerboss and CNA.
 ***********
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Stanback and the briefs and arguments of the parties. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, or rehear the parties. The Full Commission affirms, with modifications, the Opinion and Award of Deputy Commissioner Stanback and enters the following Opinion and Award:
 ***********
The Full Commission finds as a fact and concludes as a matter of law the following, which were entered into by the parties as: *Page 2 
 STIPULATIONS
1. All parties are properly before the North Carolina Industrial Commission and the Industrial Commission has jurisdiction over the parties and of the subject matter.
2. The parties have been correctly designated and there is no question as to misjoinder or non-joinder of parties.
3. The parties are bound by and subject to the North Carolina Workers' Compensation Act.
4. An employment relationship existed between employee and employer at all times relevant hereto.
5. Defendant-Employer was insured in 2006 by The Hartford and in 2009 by CNA.
6. Documents entered into evidence include the following:
 a. Stipulated Exhibit 1: Pre-Trial Agreement
 b. Stipulated Exhibit 2: Plaintiff's Medical Records
 c. Stipulated Exhibit 3: Plaintiff's Personnel File
 d. Stipulated Exhibit 4: Plaintiff's Written Statement of Accident
 e. Stipulated Exhibit 5: Industrial Commission Forms and Pleadings
 f. Stipulated Exhibit 6: Consent Order between Plaintiff and The Hartford
7. Issues for determination include the following:
 a. Has the Plaintiff lost wage-earning capacity as a consequence of the alleged injury?
 b. Is the Plaintiff entitled to compensation pursuant to N.C. Gen. Stat. §§ 97-29, 97-30, or 97-31? If so, in what amount? *Page 3 
 c. Is the Plaintiff entitled to payment of medical expenses related to his alleged injury?
 d. What compensation, if any, is Plaintiff entitled to be paid by the Defendants?
 e. Have Defendant-Employer and Defendant-Carrier CNA met their burden under Higgins v. Michael Powell Builders, 132 N.C. App. 720, 515 S.E.2d 17 (1999)?
 f. Is the doctrine of mutual mistake applicable to awards based on unilateral initiation of payment of compensation and acceptance of the claim pursuant to N.C. Gen. Stat. § 97-18(b)?
 g. Did Defendant-Employer and Defendant-Carrier CNA defend Plaintiff's claim without reasonable ground? If so, what penalties, sanctions, or other consequences, if any, are appropriate to impose upon these Defendants for failure to defend this case on reasonable grounds?
 h. Did Defendants CNA and Minuteman accept this claim under a Form 60 based upon a mutual mistake of fact and should therefore be allowed to rescind the Form 60?
 i. Whether Plaintiff's current physical complaints were proximately caused by his alleged specific traumatic incident of January 30, 2009?
 j. Whether Plaintiff's need for spinal surgery was caused by Plaintiff's alleged specific traumatic incident of January 30, 2009 or did the need for surgery pre-date the alleged specific traumatic incident? *Page 4 
 k. Whether Plaintiff's current condition is the result of an injury by accident or specific traumatic incident occurring on or about January 30, 2009?
 l. Whether medical and indemnity benefits paid to or on behalf of Plaintiff subsequent to January 30, 2009 are the sole responsibility of CNA?
 m. Whether CNA can rescind its Form 60 pursuant to the doctrine of mutual mistake?
 n. Whether the doctrine of mutual mistake is applicable to Defendant CNA's unilateral initiation of payment of compensation under N.C. Gen. Stat. § 97-18(d)?
 o. Whether Defendant CNA defended Plaintiff's claim without reasonable ground, and if so, whether Defendant-Hartford is entitled to attorneys' fees in this matter?
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff commenced his employment with Defendant-Employer in 1987, and at all times relevant to the incidents giving rise to these claims, was employed as a team leader.
2. On June 23, 1999, Plaintiff commenced treatment with Dr. James Rice for a back condition unrelated to his employment with Defendant-Employer. On July 15, 1999, Plaintiff underwent an MRI which revealed broad based disc bulges and a right paracentral disc protrusion. On August 31, 1999, Dr. Rice performed an L3-L4 and L4-L5 discectomy on Plaintiff. *Page 5 
3. Plaintiff returned to work with Defendant-Employer and continued to treat with Dr. Rice following his 1999 surgery.
4. On October 20, 2006, while working for Defendant-Employer, Plaintiff sustained a specific traumatic incident to his back when he was lifting a piece of equipment and felt pain. The Hartford accepted Plaintiff's claim pursuant to a Form 63.
5. Following the October 20, 2006 incident, Plaintiff missed nine days of work and returned at full duty with Defendant-Employer on October 30, 2006. Defendant-The Hartford authorized and paid for all medical treatment incurred as a result of this incident with Moore Regional Hospital and Sandhills Orthopaedic and Spine Clinic.
6. The Full Commission finds as fact that Dr. James Rice is Plaintiff's treating physician.
7. Plaintiff continued in his employment with Defendant-Employer until August 7, 2007, when he was involved in a motor vehicle accident which was unrelated to his employment with Defendant-Employer.
8. Following the motor vehicle accident, Plaintiff was out of work from August 7, 2007 to August 12, 2007, returning on August 13, 2007, earning the same or greater average weekly wage as prior to the accident. Plaintiff subsequently missed approximately two weeks of work after his return date due to medical appointments.
9. On September 17, 2009, Plaintiff and Defendants Minuteman Powerboss and The Hartford entered into a Consent Order whereby Defendants agreed to compensate Plaintiff for all missed time due to the motor vehicle accident, as well as assume payment for unpaid medical expenses. Defendants also agreed to reimburse Plaintiff for all out of pocket medical expenses incurred as a result of the August 7, 2007 motor vehicle accident. *Page 6 
10. From August 13, 2007 until January 30, 2009, Plaintiff worked in a full duty capacity as a team leader for Minuteman Powerboss.
11. On January 30, 2009, Plaintiff was loading skids onto a pallet when the forklift he was driving made contact with a desk on the loading dock. Plaintiff climbed down from the forklift and manually attempted to move the desk, which resulted in a new injury or specific traumatic incident to his lower back.
12. Dr. Rice testified, and the Full Commission finds, that as a result of the specific traumatic incident of January 30, 2009, Plaintiff suffered a new injury to his lower back, specifically a herniation at L4-L5 that was different from his prior studies.
13. On January 30, 2009, Plaintiff did not feel an immediate popping or pain in his back. However, on January 31, 2009, Plaintiff woke up suffering from severe pain and visited the emergency room twice that day. Plaintiff attributed his pain to the specific traumatic incident of January 30, 2009.
14. Plaintiff engaged in no manual labor or strenuous activity between the incident on January 30, 2009, and when he awoke on January 31, 2009.
15. The Full Commission finds that Plaintiff suffered a new injury or specific traumatic incident to his lower back on January 30, 2009.
16. Plaintiff reported his injury to his supervisor at Minuteman Powerboss on February 2, 2009.
17. On February 6, 2009, Defendants Minuteman Powerboss and CNA completed a Form 60 accepting Plaintiff's claim as compensable. *Page 7 
18. Plaintiff did not engage in misrepresentation, and he had no contact with Defendant-CNA prior to their filing a Form 60. Defendant-CNA unilaterally accepted Plaintiff's claim, and therefore there was no "meeting of the minds."
19. Dr. James Rice instructed Plaintiff to remain out of work following the January 30, 2009 incident. Plaintiff remained out of work until he returned to light duty on March 25, 2009.
20. Plaintiff continued to work with Defendant-Employer in a full duty capacity until his employment ended due to a massive company-wide layoff on July 30, 2009.
21. Dr. Rice testified that the January 30, 2009 incident caused Plaintiff's "back to be worse." Dr. Rice further testified, and the Full Commission finds as fact, that prior to the January 30, 2009 incident, surgical intervention was elective and Plaintiff was responding to conservative treatment, and but for the January 30, 2009 incident, Plaintiff could have elected to treat conservatively and avoid surgical intervention.
22. The Full Commission finds as fact, based upon the subjective complaints of pain and deposition testimony of Dr. Rice, that Plaintiff's back condition was improving prior to the January 30, 2009 incident. The Full Commission further finds although surgery was an elective option prior to January 30, 2009, the necessity for surgical intervention at this date is directly related to Plaintiff's compensable event or specific traumatic incident occurring on January 30, 2009.
23. Based on Dr. Rice's expert testimony, the Full Commission finds the following as facts: a) Plaintiff has a substantial risk of the necessity of future medical treatment; b) Plaintiff's best option for improvement in his back would involve a multi-level instrumented fusion; c) Plaintiff requires some form of a prescription medication regimen to control his symptoms; and *Page 8 
d) Plaintiff requires a comprehensive pain management treatment program to control his symptoms.
24. Based on the Industrial Commission Form 22 in evidence, Plaintiff's average weekly wage is $702.06, yielding a compensation rate of $468.06.
25. Defendant-Employer and Defendant-CNA have continued to prosecute their motion to set aside the Form 60 and have continued to litigate the compensability of the claim that they accepted as compensable. Defendant-Employer and Defendant-CNA have failed to offer any credible evidence, legal authority, or competent argument that they are entitled to the relief they seek. The Full Commission finds by the greater weight of the evidence that Defendant-Employer and Defendant-CNA have engaged in stubborn, unfounded litigiousness.
26. In this claim it is conceded by all parties that the employee's claim is a compensable one; therefore the only issue is which carrier or carriers are liable. Defendant-Employer and Defendant-CNA admitted compensability of the claim via filing of their Form 60, and Defendant-Employer and Defendant-The Hartford joined in Plaintiff's Motion in Opposition to Setting Aside the Form 60.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Plaintiff suffered from an unrelated preexisting, nondisabling condition with his back for a number of years prior to the incidents giving rise to these claims. On October 20, 2006, Plaintiff suffered a specific traumatic incident to his lower back in his employment with *Page 9 
Defendant-Employer, who at the time was duly insured by a policy underwritten by Defendant-The Hartford. N.C. Gen. Stat. § 97-2(6).
2. Subsequent to the October 20, 2006 incident and unrelated August 7, 2007 motor vehicle accident, Plaintiff returned to his employment with Defendant-Employer and was not disabled for purposes of the North Carolina Workers' Compensation Act. N.C. Gen. Stat. § 97-1 et seq.
3. On January 30, 2009, Plaintiff suffered a specific traumatic event or new injury to his back in the course and scope of his employment with Defendant-Employer. Plaintiff was temporarily totally disabled from January 30, 2009, until March 25, 2009. N.C. Gen. Stat. §§ 97-2(6); 97-31. At the time of Plaintiff's January 30, 2009 injury, Defendant-Employer was insured by a policy underwritten by Defendant-CNA.
4. Defendant-CNA accepted Plaintiff's January 30, 2009 injury pursuant to the filing of a Form 60. The employer's filing of a Form 60 is an admission of compensability. Perez v. AmericanAirlines/AMR Corp.,174 N.C. App. 128, 135, 620 S.E.2d 288, 293 (2005); Sims v.Charmes/Arby's Roast Beef,142 N.C. App. 154, 159, 542 S.E.2d 277, 281 (2001).
5. Because payments under a Form 60 are an admission of compensability under the Workers' Compensation Act, these payments are the equivalent of an employee's proof that the injury is compensable. Perez v. American Airlines/AMR Corp.,174 N.C. App. 128, 135, 620 S.E.2d 288, 293 (2005).
6. Defendant-CNA may not rescind its Form 60 on the grounds of mutual mistake. Because the basis of a Form 60 is an award and not a meeting of the minds, the doctrine of mutual mistake will not provide grounds to set aside an award not based upon such an agreement. Higgins v. Michael Powell Builders,132 N.C. App. 720, 727, 515 S.E.2d 17, 22 (1999). *Page 10 
Agreements formed under these circumstances lack the requisite mutuality to become legally binding. Id. at 728. As the basis of the award was not an agreement, but a unilateral initiation of payment, the doctrine of mutual mistake does not operate to afford Defendant-Employer and Defendant-CNA relief.
7. Plaintiff's preexisting, nondisabling back condition was aggravated by a work related injury or incident, specifically the incident of January 30, 2009, and therefore Defendant-CNA and the Defendant-Employer must compensate the employee for the entire resulting disability. Morrison v. Burlington Industries,304 N.C. 1, 18, 282 S.E.2d 458, 470 (1981).
8. At the time Plaintiff was laid off from Defendant-Employer, Plaintiff was not disabled for purposes of the North Carolina Workers' Compensation Act. N.C. Gen. Stat. § 97-1 et seq.
9. There are two ways in which an injured employee may assert a right to future medical compensation that extends beyond two years past the last payment of medical or indemnity compensation. First, the employee may file a written request with the Industrial Commission. Next, the Commission may act on its own motion. In either case, if the Commission determines there is a substantial risk of the necessity of future medical compensation, the Commission shall provide by order for payment of future necessary medical compensation. N.C. Gen. Stat. § 97-25.1.
10. Pursuant to Industrial Commission Rule 408, an injured employee may make a claim for additional medical compensation either by using a Form 18M or by making a written request to the Industrial Commission. The Form 18M is not the only means by which to request additional medical compensation. *Page 11 
11. A Form 33 filed with the Industrial Commission indicating Plaintiff's need for additional medical treatment pursuant to N.C. Gen. Stat. § 97-25.1 is sufficient to serve as a written request for additional medical compensation. Fontenot v. AmmonsSpringmoor Associates,176 N.C. App. 93, 98, 625 S.E.2d 862, 866 (2006). The statute does not require Plaintiff to use an 18M.
12. Where the Industrial Commission determines that Plaintiff is at a substantial risk of the necessity of future medical compensation, the Commission is required by the language of the statute to issue an order for payment of future necessary medical compensation. N.C. Gen. Stat. § 97-25.1.
13. Plaintiff has presented evidence, and the Full Commission concludes as a matter of law, that he is of substantial risk to need medical compensation in the future related to his compensable injury pursuant to N.C. Gen. Stat. § 97-25.1.
14. Plaintiff is entitled to payment of all medical expenses incurred for treatment of his compensable injury, including future treatment, which shall include but is not limited to, prescription medication, surgical intervention, and a comprehensive pain management program. Payment of medical expenses for this future treatment is not subject to the time limitations of N.C. Gen. Stat. § 97-25.1.
15. Defendant CNA is liable for all future medical expenses associated with Plaintiff's back injury and resulting indemnity compensation. N.C. Gen. Stat. § 97-25.
16. Based on the Industrial Commission Form 22 in evidence, Plaintiff's average weekly wage is $702.06, yielding a compensation rate of $468.06.
17. Defendant-Employer and Defendant-CNA brought this hearing and defended Plaintiff's claim without reasonable grounds regarding the issue of setting aside the Form 60 *Page 12 
filed in this matter. N.C. Gen. Stat. § 97-88.1. Where the defense of part of a claim is unreasonable and constituted "stubborn, unfounded litigiousness," but the defense of another part was indeed based on reasonable grounds, it is still proper to award additional attorney's fees pursuant to N.C. Gen. Stat. § 97-88.1 for that portion of time the opposing attorney spent responding to the unreasonable defense, but not for the time spent on refuting the reasonable defense.Bradley v. Mission St. Joseph's Health Sys.,180 N.C. App. 592, 600, 638 S.E.2d 254, 260 (2006).
18. Defendant-Employer and Defendant-CNA have brought this hearing and defended Plaintiff's claim without reasonable grounds, and therefore Plaintiff and Defendant-The Hartford are entitled to attorneys' fees in this matter. N.C. Gen. Stat. § 97-88.1.
19. In this claim it is conceded by all parties that the employee's claim is a compensable one and the only issue is which carrier or carriers are liable; therefore, the Commission may, where an appeal from a hearing commissioner or the Full Commission is taken by one or more parties, order payment made to the employee pending outcome of the case on appeal. N.C. Gen. Stat. § 97-86.1.
 ***********
Based upon the foregoing stipulations, findings of fact, and conclusions of law the Full Commission makes the following:
 AWARD
1. Defendant-Employer and Defendant-CNA's Motion to Set Aside the Form 60 based upon the grounds of mutual mistake is hereby DENIED.
2. Defendant-Employer and Defendant-CNA are hereby responsible for all associated medical treatment reasonably necessary to effect a cure or provide relief for Plaintiff's *Page 13 
back condition, including but not limited to surgical intervention, and any future indemnity benefits which may arise for any resulting disability.
3. Defendant-Employer and Defendant-CNA shall pay all reasonably necessary medical expenses incurred by Plaintiff for treatment of his compensable injury, including surgery. Defendant-Employer and Defendant-CNA shall pay workers' compensation medical compensation benefits to Plaintiff for as long as such benefits are necessary. This award shall not be subject to the time limitations set forth in N.C. Gen. Stat. § 97-25.1.
4. Defendant-Employer and Defendant-CNA shall authorize and schedule a comprehensive pain management program for Plaintiff within thirty (30) days of the filing of this Opinion and Award. Upon entrance into the program, said Defendants shall commence payment of temporary total disability if the program actually or constructively removes Plaintiff from the labor market.
5. Plaintiff's current lack of earning capacity is not related to any disability. Therefore, Plaintiff is not entitled to any further indemnity benefits at this time.
6. As a sanction for Defendant-Employer's and Defendant-CNA's stubborn, unfounded litigiousness in regards to their attempt at setting aside the Form 60 filed in this matter, they shall pay a reasonable attorney's fee to Plaintiff's counsel and to Defendant-The Hartford's counsel in an amount based on each counsel submitting a time statement with regard to time spent in defense of this hearing. Said statements shall be submitted to the Full Commission within twenty (20) days of the file date of this Opinion and Award. Thereafter, the Full Commission will file an Order setting the attorney's fees.
7. Defendant-Employer and Defendant-CNA shall pay the costs.
This the 5th day of June, 2011.
 S/___________________ DANNY LEE McDONALD COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALANCE COMMISSIONER
 S/___________________ LINDA CHEATHAM COMMISSIONER *Page 1